UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,
vs.

ANEJO ENTERTAINMENT LLC
d/b/a Anejo Restaurant and Bar and
PLAZA 8, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Anejo Entertainment LLC doing business as Anejo Restaurant and Bar and Defendant Plaza 8, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.    Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4.      Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are complying with their obligations under the ADA/ADAAG.

5.      Defendant Anejo Entertainment LLC. (also referenced as "Defendant Anejo Entertainment," "operator," or "lessee") is a Florida limited liability company which is the owner and operator of the Anejo Restaurant and Bar which is located within the Plaza 8 Shopping Center with the specific address of 9610 SW 8 Street, Miami Florida 33174.

6.      Defendant Plaza 8 LLC is a Florida for profit corporation which is the owner of the commercial property known as Folio 30-4009-000-0140 which is commonly known as Plaza 8 Shopping Center. Plaza 8 LLC is also referenced as "Defendant Plaza," or "Owner."

**FACTS**

7.      On information and belief, Defendant Plaza has been leasing a portion of the Plaza 8 Shopping Center to Defendant Anejo Entertainment who in turn has operated its Anejo Restaurant and Bar within that leased space.

8.      Anejo Restaurant and Bar specializes in Cuban cuisine and baked goods and is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) since it is "a restaurant, bar, or other establishment serving food or drink." The

Anejo Restaurant and Bar is also referenced as a "restaurant" or "place of public accommodation."

9. At all times material hereto, Defendant Anejo Entertainment was (and is) a company owning and operating the Anejo Restaurant and Bar located within the Plaza 8 Shopping Center at 9610 SW 8 Street, Miami Florida 33174 which is open to the public. As the owner and operator of a restaurant which is open to the public, Defendant Anejo Entertainment is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Due to the close proximity of Plaintiff's family in the area and certain specials at Anejo, on February 26, 2022 Plaintiff went to that restaurant to purchase a meal and dine therein and test it for accessibility.

11. Due to the fact that he perambulates with the assistance of a wheelchair, when Plaintiff was perambulating to the restaurant, Plaintiff met barriers to access due to the non ADA compliant entry ramp and seating and while dining within the restaurant, Plaintiff had occasion to use the restroom and while in the restroom encountered multiple areas of inaccessibility.

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Anejo Entertainment) and by the owner of the commercial property which houses the restaurant (Defendant Plaza).

13. Defendant Anejo Entertainment is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably

accommodate mobility impaired and disabled patrons by insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of the Plaza 8 Shopping Center, part of which open to the public as the Anejo Restaurant and Bar, Defendant Plaza is also each a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). As the owner of commercial property being used as various places of public accommodation, Defendant Plaza is aware of the ADA and the need to provide for equal access in all areas of Plaza 8 Shopping Center which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons within Plaza 8 Shopping Center by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize and/or test the Anejo Restaurant and Bar but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Anejo Restaurant and Bar to enjoy a meal and test for accessibility, however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant Anejo Entertainment (operator of the Anejo Restaurant and Bar) and Defendant Plaza (owner of Plaza 8 Shopping Center within which that restaurant is located) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations in derogation of 42 U.S.C. §12101 *et seq.*, and as

prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Anejo Restaurant and Bar.

24. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. That portion of the Plaza 8 Shopping Center which is leased to Defendant Anejo Entertainment is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* Defendants are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally) Plaintiff had difficulty using the ramp provided because the ramp does not have handrails. The fact that the ramp is missing handrails is a violation of Section 4.8.5 of the ADAAG and Section 505.10.1 of the 2010 ADA Standards for Accessible Design. Section 4.8.5 states that handrails are

      required on both sides for ramps with a rise more than 6 inches or a horizontal length more than 72 inches. Section 505.10.1 states that ramp handrails must extend horizontally above the landing for 12 inches (305 mm) minimum beyond the top and bottom of the ramp and shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail

ii. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), the restaurant dining does not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Section 902 (provision of accessible toe and knee clearance) which require that all dining areas be accessible in clear floor/ground space, size and height. This is also a violation of Section 226 which states that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces comply with Section 902.

iii. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff had difficulty using the bar counter due to the fact that it is mounted too high and there is no lower portion of the bar counter provided. This is a violation of Section 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards for Accessible Design (tops of dining surfaces and work surfaces must be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground) and is in violation of 28 C.F.R. Part 36, Section 4.32.4.

iv. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), there are permanently designated interior spaces without proper signage location. Signage is mounted on the door leaf above the required maximum height violating Section 4.1.3(16) and Section 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is in violation of Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

vi. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not enter the accessible stall without assistance, as the stall door opening is not located the farthest from the water closet on the front partition. This is a violation of Section 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design. Refer to Fig 30 at Section 4.17.5, the stall door opening shall be 4" maximum from the side wall or

        partition farthest from the water closet.  Section 604.8.1.2 states that clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum. Doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition.

vii.    As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing.  This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG.  Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

viii.    As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lb. (22.2 N). This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design

       which states that toilet compartment doors, including door hardware, shall comply with Section 404; specifically, Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

ix. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG which states that the (unobstructed) maximum high forward reach allowed shall be 48 in (1220 mm) (as depicted at Fig. 5 (a)), and the minimum low forward reach shall be 15 in (380 mm). This is also a violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design, which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

x. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

xi. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance due to the fact that the toilet tissue dispenser is mounted under the side wall grab bar without providing the proper clearance. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design and Section 4.26.2 of the ADAAG. Section 4.26.2 states that, if handrails or grab bars are mounted adjacent to a wall, the space between the wall and the grab bar shall be 1- ½ in (38 mm) (see Fig. 39(a), (b), (c), and (e)). Handrails may be located in a recess if the recess is a maximum of 3 in (75 mm) deep and extends at least 18 in (455 mm) above the top of the rail (see Fig. 39(d)). In this instant case, the space between the toilet tissue dispenser and the side wall grab bar is not as required.

xii. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

xiii. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the stall partition which encroaches over the accessible water closet clear floor space. This is a violation of Sections 4.13.6 and 4.17.3 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. Section 4.17.3 states that the arrangement of the stall must comply with specification supplied in Figures within this Section, which the instant toilet compartment does not comply. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 604.8.1.1 which states that wheelchair accessible compartments must be 60" wide and 56" deep for wall hung water closets and 59" deep for floor mounted water closets.

xiv. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position or at the correct height above the finished floor, in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers

shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. The subject toilet paper dispenser is in violation of these sections.

xv. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink is mounted too high. The lavatory sink is mounted over the required height to the top of the counter above the finished floor in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor. This is also a violation of Sections 606.3 and (as related to the faucet within that sink) of the 2010 ADA Standards for Accessible Design. Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 in above the finished floor.

xvi. As to Defendant Anejo Entertainment (lessee/operator) and Defendant Plaza (property owner) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and

mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

27. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants have been required to make the Anejo Restaurant and Bar commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Anejo Entertainment LLC (operator of the Anejo Restaurant and Bar) and Defendant Plaza 8, LLC (owner of the Plaza 8 Shopping Center commercial property housing the Anejo Restaurant and Bar) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the Plaza 8 Shopping Center commercial property and the Anejo Restaurant and Bar located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

    e)    The Court award any and all other relief that may be necessary and appropriate.

Dated this 22nd day of March 2022.

                                        Respectfully submitted,

                                        */s/ J. Courtney Cunningham*
                                        J. Courtney Cunningham, Esq.
                                        J. COURTNEY CUNNINGHAM, PLLC
                                        FBN: 628166
                                        8950 SW 74th Court, Suite 2201
                                        Miami, Florida 33156
                                        Telephone: 305-351-2014
                                        Email: cc@cunninghampllc.com
                                        *Counsel for Plaintiff*